UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYREETA FIELDER,

    Plaintiff,

v.                                                            Case No. 12-cv-13686
                                                            Honorable Denise Page Hood

MOTORCITY, an assumed name of DETROIT
ENTERTAINMENT, L.L.C.,

    Defendant.
                                                         /

**ORDER DISMISSING ACTION**

On February 15, 2013, the Court entered an Order Granting Motion to Withdraw Plaintiff's Counsel and a Notice of Status Conference set for March 13, 2013. The Order directed Plaintiff, now proceeding *pro se*, to appear for the conference with or without new counsel. The Order noted that failure to appear by Plaintiff may result in the dismissal of the action. Defense counsel appeared for the conference, but Plaintiff did not. The Court dismisses the action for failure to appear and to prosecute the action.

In addition, the Court dismisses the Complaint as time-barred under the Family Medical Leave Act limitation period, 29 U.S.C. § 2617(c)(1), as argued by Defendant in its Motion to Dismiss. No response was filed to the motion by Plaintiff. The FMLA provides a two-year limitation period from the date of the alleged violation. 29 U.S.C. § 2617(c)(1). The Complaint alleges Plaintiff was discharged by Defendant on August 20, 2009. (Comp., ¶ 13) The Complaint was filed on August 20, 2012, more than two years after Plaintiff's termination.

Although the FMLA provides a three-year limitation period for willful violation by an employer under 29 U.S.C. § 2617(c)(2), the Complaint fails to allege such facts as required under

Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint merely alleges that Defendant's actions "were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities." (Comp., ¶ 18)

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.*

Plaintiff's Complaint fails to set forth any facts to support her allegation that Defendant's actions were willful, intentional and made with reckless disregard to Plaintiff's rights. The Complaint does not sufficiently allege that the three-year statute of limitations under 29 U.S.C. § 2617(c)(2) applies to the FMLA claims. The Complaint must be dismissed as time-barred under the FMLA two-year statute of limitations, 29 U.S.C. § 2617(c)(1).

Accordingly,

2

**IT IS ORDERED** that Defendant's Motion to Dismiss [Docket No. 5, filed December 3, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is DISMISSED for failure to prosecute and as time-barred.



        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  March 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2013, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager